# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR MAJIKE BEY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:12-0424 |
| v. | : | (CONNOR, D.J.) |
| | | (MANNION, M.J.) |
| District Attorney PETER JOHNSON, et al., | : | |
| | : | |
| Defendants | | |
| | : | |

# REPORT AND RECOMMENDATION[1]

Presently before the court are two motions to dismiss, (Doc. No. 8; Doc. No. 10); collectively representing all named defendants. The plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). The plaintiff's allegations of Constitutional violations all stem from his trial and conviction in the Court of Common Pleas of Union County, Pennsylvania. The plaintiff has not demonstrated that his state court conviction has been invalidated, therefore the instant §1983 claim is barred. As such, the court recommends that motions to dismiss be **GRANTED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**I.   BACKGROUND**

On March 1, 2012, the plaintiff filed his complaint alleging violations of his civil rights in relation to his arrest and conviction in Union County on charges of disorderly conduct, presenting false identification to law enforcement and resisting arrest. See Commonwealth v. Amir M. Deas (a/k/a Amir Majike Bey), Court of Common Pleas Union County, Criminal Docket No. CP-60-CR-0000274-2010. (Doc. No. 8, Exhibit A). The plaintiff's complaint comprises two "affidavits of fact," which the court construes as independent counts. The first count, (Doc. No. 1 at 1-3), seeks a declaratory judgment and dismissal of the state court action. The second count, (Doc. No. 1 at 4-7), seeks injunctive relief and monetary damages. Though the plaintiff's specific claims are somewhat unclear, he does allege deficiencies in his arrest warrant, deficiencies in his indictment, that the trial court lacked jurisdiction over him and that the prothonotary failed to file certain documents.

On April 17, 2012, Defendants Johnson, Richards and Ritter III, filed a motion to dismiss, (Doc. No. 8), and brief in support, (Doc. No. 9). On May 3, 2012, Defendants Armbruster, Mensch and Sholley filed a motion to dismiss, (Doc. No. 10), and brief in support, (Doc. No. 11).[2]

---

[2] The plaintiff has also filed additional affidavits in support of his complaint which could be construed a motions. The affidavit filed on October 16, 2012,

## II. STANDARD OF REVIEW

As an initial matter, it is important to note that this court is required to liberally construe a *pro se* plaintiff's pleadings; "however inartfully pleaded," the "allegations of [a] *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." [Haines v. Kerner, 404 U.S. 519, 520 (1972)](). In doing so, the court is to "apply the applicable law irrespective of whether a *pro se* litigant has mentioned it by name." [Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir. 2002)](). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." [Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997)]().

The defendant's motion to dismiss is brought pursuant to the provisions of [Fed. R. Civ. P. 12(b)(6)](). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, [Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005)](), and dismissal

---

(Doc. No. [15]()), requests that the court serve the Ohio Casualty Insurance Company, who is not otherwise referenced in the complaint. The affidavit filed on November 19, 2012, (Doc. No. [16]()), reads as an amended complaint, however, the plaintiff has not moved for leave to amend. Regardless of how the subsequent filings are construed, they do not alter the court's finding that, as discussed below, the plaintiff's claim is barred because his state conviction has not been overturned.

3

is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension*

4

*Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

### III. DISCUSSION

To the extent that the plaintiff is seeking relief for alleged violations of his constitutional rights at the state court level, his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck prevents an indirect attack on the validity of a conviction via a civil rights complaint unless the conviction has, in effect, been overturned. In *Heck*, the Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

5

Id. at 486-87 (footnote omitted).

Here, if the plaintiff were to succeed on his claims, which are directly related to his arrest and prosecution, his underlying conviction would necessarily be called into question. There is no indication from the plaintiff's complaint that his conviction has been invalidated. In fact, a review of the docket in the plaintiff's state court case reflects that the case is closed and that the plaintiff did not file an appeal. (Doc. No. 8, Exhibit A). As such, the court recommends that the case be dismissed.

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

**(1)** The motion to dismiss filed by Defendants Johnson, Richards and Ritter III, (Doc. No. 8), be **GRANTED**;

**(2)** The motion to dismiss filed by Defendants Armbruster, Mensch and Sholley, (Doc. No. 10), be **GRANTED**;

**(3)** The Clerk of the Court be directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: November 20, 2012
O:\shared\REPORTS\2012 Reports\12-0424-01.wpd